**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESSE WALL, )<br>)<br>         Plaintiff, )<br>)<br>   v. )<br>)<br>JUDGE ELIZABETH WINGO, *et al.*, )<br>)<br>         Defendants. ) | Civil Action No. 25-2328 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1, "Compl."). The Court GRANTS the application and DISMISSES the complaint without prejudice.

Plaintiff fancies himself "a duly appointed Ambassador of John August Wall Territory, a sovereign foreign entity created by treaty and recognized by land patent law under U.S. treaty and constitutional supremacy[.]" Compl. ¶ 5; *see id*. ¶¶ 6-7. As such, he declares himself beyond the jurisdiction of the Superior Court of the District of Columbia. *See, e.g., id*. ¶¶ 9, 11, 14, 50, 63. Notwithstanding his purported diplomatic status, plaintiff is the respondent in a matter which resulted in the issuance of a civil protection order against him. *See, e.g., id*. ¶¶ 44, 49, 76, 81, 84. He brings this action against the Associate and Magistrate Judges presiding over the civil protection case, the former Chief Judge of the Superior Court, and the Assistant Attorney General representing the District of Columbia. *See id*. ¶¶ 8-9. Plaintiff demands a declaratory judgment, an award of $18 million, an injunction halting further proceedings against him in the Superior Court, dismissal of all charges against him, and the arrest of the individual who filed the petition for a civil protection order. *See id*. at 11 (page number designated by CM/ECF).

Of the complaint's many defects, the Court highlights three. For starters, the defendant judges are immune from suit. It appears that Plaintiff's claims against them arise from actions taken in their judicial capacities, and his claim for monetary damages is barred. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872).").

Likewise, because it appears that actions taken by the Assistant Attorney General also were taken as, essentially, the prosecutor in the civil protection matter, prosecutorial immunity protects her from Plaintiff's claims for monetary damages. *See Moore v. Motz*, 437 F. Supp. 2d 88, 92 (D.D.C. 2006) (citing *Imbler v. Patchman*, 424 U.S. 409, 427 (1976)).

Insofar as Plaintiff asks this Court to review or reverse the orders of the Superior Court judges, or otherwise to direct the Superior Court's actions, this Court lacks jurisdiction to do so. *See Brown v. District of Columbia*, No. 23-7129, 2024 WL 1693616, at *1 (D.C. Cir. Apr. 18, 2024) (per curiam) ("The district court did not err by dismissing appellant's complaint for lack of subject matter jurisdiction because the complaint sought judicial review of decisions issued by the Superior Court of the District of Columbia."). "And because United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters, when presented with a request to do so, the Court must dismiss the claim." *George v. US Bank*, No. 24-cv-1598, 2025 WL 973495, at *2 (D.D.C. Apr. 1, 2025) (citation and internal quotation marks

omitted), *appeal docketed*, No. 25-7041 (D.C. Cir. Apr. 4, 2025); *see Rowland v. Superior Court Building B*, No. 14-cv-450, 2014 WL 1321106, at *1 (D.D.C. Mar. 20, 2014) ("This Court has no authority to review or reverse the decisions of a Superior Court judge, or to direct the activities of that court.").

      An Order is issued separately.

/s/
JIA M. COBB
United States District Judge

DATE: August 28, 2025